IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RYAN A. THOMAS, GORAN LAZIC, ILLINOIS STATE RIFLE ASSOCIATION, and SECOND AMENDMENT FOUNDATION, INC. | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ILLINOIS STATE POLICE, BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police, and JESSICA TRAME, in her official capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COME NOW the Plaintiffs, RYAN A. THOMAS, GORAN LAZIC, ILLINOIS

STATE RIFLE ASSOCIATION, and SECOND AMENDMENT FOUNDATION,

INC., by and through LAW FIRM OF DAVID G. SIGALE, P.C. and KNABE &

BEDELL, their attorneys, and for their Complaint for declaratory and injunctive

relief against the Defendants, ILLINOIS STATE POLICE, BRENDAN F. KELLY,

in his official capacity as Director of the Illinois State Police, and JESSICA TRAME,

in her official capacity as Bureau Chief of the Illinois State Police Firearms Services

Bureau, as prayed for below, state as follows:

## INTRODUCTION

On September 10, 2019, the State of Illinois Commission on Government

Forecasting and Accountability reported that, in the past five years, the Illinois

State Police ("ISP") has swept or transferred funds totaling more than $29,500,000.00 from the State Police Firearms Services Fund, the State Police Operations Assistance Fund, and the State Police Services Fund away from these funds and into other accounts. The money was to be used for three purposes: administration of the Firearm Owners Identification Card Act (430 ILCS 65/1, *et seq.*) ("FOID Card Act"), background checks for firearm-related services, and concealed carry licensing pursuant to the Firearms Concealed Carry Act (430 ILCS 66/1, *et seq.*) ("FCCA").

Instead, the more than $29,500,000.00 has been subject to interfund transfers which are ostensibly to be repaid but which have not been, or swept into other accounts without an obligation to reimburse the funds at all.

The effect of this has been a systematic slowdown and sometimes halt of processing of applications and appeals of the FOID Card Act. Applicants and appellants spend days on the phone attempting to reach someone at the ISP with no success. In the unlikely event that a person answers, the applicant/appellant is usually told only that their case is under review.

Appellants who quickly had their FOID cards, and likewise their concealed carry licenses ("CCL"), revoked for reasons such as criminal charges or emergency orders of protection that were dismissed or expunged, or no-longer-applicable residence changes, or other statutory reasons that have been corrected or addressed, quickly find their appeals sucked into a black hole from which escape comes, if at all, with an interminable wait. There is no statutory deadline for the

Defendants to respond to a FOID appeal, and it is common for appellants to wait many months, or even years, for a decision that does not come.

Further, the funds sweep and the breakdown of the FOID appeal system have endangered public safety, as qualified persons are denied their rights and the ability to self-defense and defense of their families with a firearm while languishing in the FOID appeal system, during which time their CCLs are also revoked, while criminals who ignore the FOID Card Act and FCCA requirements altogether carry on unaffected.

The right to keep and bear arms for defense of hearth and home is a fundamental individual right (*See District of Columbia v. Heller*, 554 U.S. 570 (2008), and applies to the Defendants (*See McDonald v. City of Chicago*, 561 U.S. 742 (2010)). The right to the public carry of firearms is also fundamental, as much so as the possession of firearms inside one's home. In response to the Seventh Circuit's decision in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), Illinois became the last State in America to allow the public carry of firearms for self-defense purposes.

However, the laws governing the licensing of firearm possession and concealed carry in Illinois have resulted in a system that, for some, result in a permanent denial of that right. This is due to a system that is extremely quick to deny or revoke persons' rights, and extremely slow in acknowledging or restoring them.

Plaintiff Thomas has been battling this system since 2017. His only "sin" was moving out of the State, and since moving back to Illinois has been trying to vindicate his FOID and CCL rights. Plaintiff Lazic has had a FOID and CCL appeal pending since the dismissal and later expungement of a charge in 2017. In both cases, the Defendants' inactivity is inexcusable.

Plaintiffs Thomas and Lazic are two such individuals unlawfully aggrieved by the system, but they are far from the only ones.

<u>JURISDICTION AND VENUE</u>

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and 42 U.S.C. §1983, in that this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs, and usages of the Defendants as they execute, administer and enforce the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

2.    Venue lies in this Court pursuant to 28 U.S.C. §1391, because the events and omissions giving rise to this action are harming Plaintiff in this District.

<u>PARTIES</u>

<u>Plaintiffs</u>

3.    Ryan A. Thomas ("Thomas") is an individual 47 years of age who resides in the City of Wilmette, County of Cook, in the State of Illinois. Thomas has two children who he has faithfully supported. Thomas obtained a B.A. in Business Administration in 1998, is currently obtaining an Executive MBA from the Kellogg

4

School of Business at Northwestern University, and he has been gainfully and continuously employed as a Vice President of Sales in the cash automation services industry, and prior to that owned an IT consulting company.

4.     Prior to November, 2015, Thomas had both a valid FOID card and concealed carry license ("CCL").  In November, 2015, Thomas moved to Texas, and in February, 2016, the Defendants revoked Thomas' FOID pursuant to 430 ILCS 65/8, as well as his CCL, and demanded their return based on Thomas' out-of-state residence.

5.     In November, 2017, to be closer to his children, Thomas moved back to Illinois.  Since then, Thomas has been attempting to regain his FOID and CCL, which by their dates had not even expired.  After many attempts to reach someone at the Illinois State Police by telephone, and complying with the FOID appeal reinstatement process listed on the ISP's website, and even having family members to write letters to the ISP on Thomas' behalf, the ISP never followed up with any correspondence or other communication method.  Thomas' FOID and CCL statuses are still listed as "revoked" on the ISP website, and the ISP still does not answer telephone calls.

6.     Thomas would possess and carry a loaded and functional concealed handgun at home and in public for self-defense, but refrains from doing so because he fears prosecution due to the prohibitions on possessing a firearm for self-defense without a FOID card and carrying a concealed firearm in public for self-defense without a CCL.  Thomas has fear not just for himself based on the current violent

crime situation in Chicago, but Thomas also worries for the safety of his children and family members.

7.     Goran Lazic ("Lazic") is an individual 51 years of age who resides in the Village of Vernon Hills, County of Lake, in the State of Illinois. Lazic is married and has two children. Lazic obtained an Associate of Applied Science in Dental Hygiene degree in 2004, and since then he has been continuously employed as a dental hygienist.

8.     Prior to June 7, 2017, Lazic had both a valid FOID card and CCL. In May, 2017, Lazic was arrested for domestic battery/physical contact pursuant to 720 ILCS 5/12-3,2(a)(2), and the Defendants revoked Lazic's FOID card and CCL pursuant to 430 ILCS 65/8. The charge was dismissed on June 7, 2017 (the same day Lazic's FOID and CCL were revoked), and the arrest was expunged on February 14, 2018.

9.     Since that time, Lazic has been attempting to regain both his FOID card and CCL. He submitted an administrative appeal to the Defendants in June, 2017, but received no response. Through counsel, Lazic followed up on his appeal on May 18, 2018, September 14, 2018, and November 28, 2018, but at no time did Lazic receive his FOID card, CCL, or even a response to any of his appeal efforts.

10.     Lazic would possess and carry a loaded and functional concealed handgun at home and in public for self-defense, but refrains from doing so because he fears prosecution due to the prohibitions on possessing a firearm for self-defense without a FOID card and carrying a concealed firearm in public for self-defense

without a CCL.  Lazic has fear not just for himself, but Lazic also worries for the safety of his children and family members.

11.    ISRA is a non-profit membership organization incorporated under the laws of Illinois with its principal place of business in Chatsworth, Illinois.  ISRA has more than 26,000 members and supporters in Illinois, and many members outside the State of Illinois.  The purposes of ISRA include securing the Constitutional right to privately own and possess firearms within Illinois, through education, outreach, and litigation.  ISRA brings this action on behalf of itself and its members.

12.    ISRA has members who have been denied Illinois FOID cards and concealed carry licenses, and who have unsuccessfully attempted to navigate, communicate with, and avail themselves of the FOID and CCL appeals processes, not because their claims were not meritorious, but simply because the Defendants have engineered and/or allowed the aforementioned processes to provide no relief to applicants.

13.    Members of ISRA who are Illinois residents, and who are and have been wrongfully deprived of their FOID cards and CCLs, would possess and carry loaded and functional concealed handguns at home and in public for self-defense, but refrain from doing so because they fear prosecution due to the prohibitions on possessing a firearm for self-defense without a FOID card and carrying a concealed firearm in public for self-defense without a CCL.

14.    SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington.

SAF's membership includes day care home licensees residing in Illinois. SAF has over 650,000 members and supporters nationwide. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right privately to own and possess firearms. SAF brings this action on behalf of itself and its members.

15.     Members of SAF who are Illinois residents and who are and have been wrongfully deprived of their FOID cards and CCLs, would possess and carry loaded and functional concealed handguns at home and in public for self-defense, but refrain from doing so because they fear prosecution due to the prohibitions on possessing a firearm for self-defense without a FOID card and carrying a concealed firearm in public for self-defense without a CCL.

16.     Thomas and Lazic are members of both ISRA and SAF.

**Defendants**

17.     The Department of Illinois State Police ("ISP") is a department of the Executive Branch of the State of Illinois created by statute, 20 ILCS 2605/2605-1, *et seq.* Under the Illinois Firearm Owners Identification Card Act, 430 ILCS 65/1, *et seq*, ("FOID Card Act"), the ISP is charged with administering the system for considering applications for, granting, denying, and/or revoking individual licenses to possess firearms under the FOID Card Act.

18.     Further, under the FCCA, the ISP is charged with administering the system for granting and revoking individual licenses to carry concealed handguns under the FCCA.

8

19.    Brendan F. Kelly is the Acting Director of the ISP and is sued in his official capacity pursuant to the principles set forth in *Ex Parte Young*, 209 U.S. 123 (1908).

20.    The Firearm Services Bureau ("FSB") is a division of the ISP established to administer programs relating firearms delegated to the ISP, such as under the FOID Card Act and the FCCA.  Having the power to make decisions in these programs, the FSB is an administrative agency of the State of Illinois as defined by 735 ILCS 5/3-101.

21.    Jessica Trame is the Bureau Chief of the FSB.  She is the ISP employee directly responsible for the administration of the FOID Card Act and the FCCA, and is the ISP employee directly responsible for the initial, continued, and wrongful revocations of Thomas' and Lazic's FOID and CCL rights.  She is sued in her official capacity pursuant to the principles set forth in *Ex Parte Young*, 209 U.S. 123 (1908).

## FACTS COMMON TO ALL COUNTS

*FOID and Concealed Carry Rights in Illinois:*

22.    The right to keep and bear arms for defense of hearth and home is a fundamental individual right (*See District of Columbia v. Heller*, 554 U.S. 570 (2008), and applies to the Defendants (*See McDonald v. City of Chicago*, 561 U.S. 742 (2010)).

23.    The right to the public carry of firearms is also fundamental, as much so as the possession of firearms inside one's home.  In response to the decision of the

United States Court of Appeals for the Seventh Circuit in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), finding the Second Amendment to the United States Constitution secured the right to carry a concealed firearm for protection outside the home, Illinois enacted the FCCA, making Illinois the last State in America to allow the public carry of firearms for self-defense purposes.

24.    Possession of a valid FOID card is a prerequisite for an Illinois resident to obtain a CCL.

25.    Thomas and Lazic wishes to obtain a FOID card in order to be able to obtain and possess a firearm for self-defense and defense of family, as well as to obtain/renew their CCLs.  Lazic also wishes to go to the firing range for practice, but cannot do so without a FOID card.  Thomas is also a hunter and would go with friends and family if he were able, which of course he cannot because he lacks a FOID card.

26.    Thomas and Lazic meet all qualifications for a FOID card, and there is no lawful reason for the Defendants to deny Thomas' and Lazic's pending FOID appeals, much less to fail to ever respond to them.

27.    Likewise, the only reason Thomas and Lazic currently have an inability to obtain and/or renew their CCLs is the wrongful deprivation of their FOID cards.

<u>**CONSTITUTIONAL PROVISIONS**</u>

28.    The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

29.    The Second Amendment "is fully applicable against the States."

*McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

## STATE LAW

30.    430 ILCS 65/2 states, in relevant part:

> Sec. 2. Firearm Owner's Identification Card required; exceptions.

> (a)    (1) No person may acquire or possess any firearm, stun gun, or taser within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act.

> (2) No person may acquire or possess firearm ammunition within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act.

> . . .

> (c-5) The provisions of paragraphs (1) and (2) of subsection (a) of this Section regarding the possession of firearms and firearm ammunition do not apply to the holder of a valid concealed carry license issued under the Firearm Concealed Carry Act who is in physical possession of the concealed carry license.

31.    430 ILCS 65/3 states in relevant part:

> (a) Except as provided in Section 3a, no person may knowingly transfer, or cause to be transferred, any firearm, firearm ammunition, stun gun, or taser to any person within this State unless the transferee with whom he deals displays either: (1) a

currently valid Firearm Owner's Identification Card which has previously been issued in his or her name by the Department of State Police under the provisions of this Act; or (2) a currently valid license to carry a concealed firearm which has previously been issued in his or her name by the Department of State Police under the Firearm Concealed Carry Act.

32.     No provision of 430 ILCS 65/3a is relevant to Plaintiffs.

33.     430 ILCS 65/10 states in relevant part:

Appeal to director; hearing; relief from firearm prohibitions.

(a) Whenever an application for a Firearm Owner's Identification Card is denied, whenever the Department fails to act on an application within 30 days of its receipt, or whenever such a Card is revoked or seized as provided for in Section 8 of this Act, the aggrieved party may appeal to the Director of State Police for a hearing upon such denial, revocation or seizure  . . . .

34.     430 ILCS 65/14 states in relevant part:

(c) A violation of paragraph (1) of subsection (a) of Section 2 is a Class 3 felony when:

(1)     the person's Firearm Owner's Identification Card is revoked or subject to revocation under Section 8[.]

## COUNT I: VIOLATION OF RIGHT TO KEEP AND BEAR ARMS
## U.S. CONST. AMENDS. II AND XIV, 42 U.S.C. §1983

35.     Plaintiffs incorporate and reallege Paragraphs 1 through 34, inclusive, as if fully restated herein.

36.     Thomas and Lazic, through sheer indifference and/or a refusal to process their FOID appeals on the part of the Defendants, have been denied their constitutionally guaranteed rights to keep and bear arms for self-defense.

37.     By so burdening Thomas' and Lazic's ability to obtain a FOID card under Section 10 of the FOID Card Act, and likewise their ability to obtain and/or

12

renew a CCL pursuant to Sections 10 and 50 of the FCCA, the Defendants have not only unjustifiably denied them their rights but have effectively imposed an unending ban on Thomas' and Lazic's rights to keep and bear arms for self-defense.

38.     The Defendants, under the color of law, both facially and as-applied, have deprived and are depriving Thomas and Lazic of their right to keep and bear arms, in violation of the Second and Fourteenth Amendments to the United States Constitution.  Thomas and Lazic are thus damaged in violation of 42 U.S.C. §1983. Thomas and Lazic are therefore entitled to declaratory and preliminary and permanent injunctive relief against the continued deprivation of their rights.

39.     Thomas and Lazic are also entitled to monetary damages for the violation of their rights under the Second and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983.

## COUNT II: VIOLATION OF RIGHT TO PROCEDURAL DUE PROCESS U.S. CONST. AMEND. XIV, 42 U.S.C.  §1983

40.     Thomas repeats, realleges, and incorporates Paragraphs 1 through 38, inclusive, as if fully restated herein.

41.     Thomas and Lazic, through sheer indifference and/or a refusal to process their FOID appeals on the part of the Defendants, have been denied their constitutionally guaranteed rights to keep and bear arms for self-defense.

42.     By so burdening Thomas' and Lazic's ability to obtain a FOID card under Section 10 of the FOID Card Act, and likewise their ability to obtain and/or renew a CCL pursuant to Sections 10 and 50 of the FCCA, the Defendants have not

only unjustifiably denied them their rights but have effectively imposed an unending ban on Thomas' and Lazic's rights to keep and bear arms for self-defense.

43.    By so burdening Thomas' and Lazic's ability to obtain a FOID Card, and likewise a CCL, the Defendants have not only unjustifiably denied them their rights but have effectively imposed an unending ban on Thomas' and Lazic's right to keep and bear arms for self-defense.

44.    Thomas' and Lazic's private interest that will be affected and deprived by the Defendants' actions is their fundamental right to armed self-defense in public.  They are not persons who were historically prohibited from possessing firearms, and have not done anything since to remove themselves from those categories of persons able to exercise this fundamental right.

45.    The risk of the Defendants' erroneous deprivation of Thomas' and Lazic's interest through the FOID appeal process is great, as Thomas and Lazic have been deprived of their fundamental rights with no opportunity to correct or undo the deprivation, and the consequences include Thomas' and/or Lazic's sustaining of a severe or fatal injury should they suffer a violent attack and be unable to properly defend themselves.

46.    The value of additional or substitute procedural safeguards, such as processing FOID appeals in a timely manner, responding to inquiries, and offering hearings when appropriate, is high.

14

47.    The Defendants and the State do not have an interest in depriving persons of fundamental rights, and of wrongfully preventing qualified persons from being able to defend themselves, at home or in public.

48.    The Defendants, under the color of law, both facially and as-applied, have deprived and are depriving Thomas and Lazic of their right to keep and bear arms, in violation of their procedural due process rights under the Fourteenth Amendment to the United States Constitution.  Thomas and Lazic are thus damaged in violation of 42 U.S.C. §1983.  Thomas and Lazic are therefore entitled to declaratory and preliminary and permanent injunctive relief against the continued deprivation of his right.

49.    Thomas and Lazic are also entitled to monetary damages for the violation of their rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983.

WHEREFORE, Thomas and Lazic pray this Honorable Court:

a.    find that the Defendants have unjustifiably denied Thomas and Lazic their Second Amendment right to keep and bear arms for self-defense;

b.    find that the Defendants have unjustifiably denied Thomas and Lazic their Fourteenth Amendment procedural due process rights;

c.    enter an order granting Thomas and Lazic injunctive relief that enjoins the Defendants from further deprivation of Plaintiffs' rights to keep and bear arms and right *via* lack of procedural due process;

      c.     enter a mandatory injunction requiring the Defendants to issue Thomas and Lazic FOID cards;

      d.     award Thomas and Lazic monetary damages for the deprivations of their Second and Fourteenth Amendment rights;

      e.     award Plaintiffs their attorney's fees and costs, pursuant to 42 U.S.C. §1983; and,

      f.     award Plaintiffs such other and further relief as it deems just.

Dated: January 31, 2019          Respectfully submitted,

                       By: /s/ David G. Sigale
                         One of the Attorneys for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com

Gregory A. Bedell (Atty. ID# 6189762)
Knabe & Bedell
33 North Dearborn Street
10th Floor
Chicago, Illinois 60602
312.977.9119
gbedell@kkbchicago.com