**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RYAN THOMAS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 20 CV 734 |
| v. | ) | Honorable Judge Mary M. Rowland |
| | ) | |
| ILLINOIS STATE POLICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO REASSIGN BASED ON RELATEDNESS**

Defendants, Illinois State Police, Brendan Kelly, and Jessica Trame, by their attorney Kwame Raoul, Illinois Attorney General, hereby move pursuant to Local Rule 40.4 for reassignment of the recently filed case *Bradley et al. v. Kelly et al.*, No. 20-CV-4270 (N.D. Ill. J. Guzman) ("*Bradley*") to Judge Mary M. Rowland, and in support thereof state as follows:

**BACKGROUND**

Plaintiffs Thomas, Lazic, and Singleton (the "Individual Plaintiffs") filed the instant lawsuit on June 10, 2020,[1] alleging that their Second and Fourteenth Amendment rights were violated when Defendants failed to issue them Firearm Owners Identification Cards ("FOID cards") and/or concealed carry licenses ("CCLs"). The Illinois State Rifle Association ("ISRA") and the Second Amendment Foundation, Inc. ("SAF") seek to act as Organizational Plaintiffs in the case on the grounds that the Individual Plaintiffs and other unidentified members of ISRA and SAF have allegedly been wrongly deprived of their FOID cards and CCLs by Defendants.

[1] Individual Plaintiffs Thomas and Lazic, along with Organizational Plaintiffs, initially filed the instant lawsuit on January 31, 2020; however, the Complaint was amended on June 10, 2020 to add Singleton as an individual plaintiff. The claims otherwise remained the same.

On July 20, 2020, the attorneys of record in the *Thomas* case filed a new, separate Complaint (the "*Bradley* Complaint") on behalf of the same two Organizational Plaintiffs and four new Individual Plaintiffs. *See* Exhibit A (Complaint, *Bradley et al. v. Kelly et al.*, No. 20-CV-4270 (N.D. Ill.)). The *Bradley* Complaint alleges that the Individual Plaintiffs' Second and Fourteenth Amendment rights were violated when Defendants Brendan Kelley and Jessica Trame failed to issue them FOID cards. As in the *Thomas* case, the Organizational Plaintiffs in *Bradley* assert that they have standing because the Individual Plaintiffs and other unnamed members of ISRA and SAF have been wrongly deprived of their FOID cards by the Defendants. The *Bradley* case was assigned to Judge Ronald A. Guzman; counsel has appeared for the Defendants, and a motion to dismiss was filed on September 17, 2020.

The claims asserted by both the Individual Plaintiffs and the Organizational Plaintiffs are identical as between the *Thomas* and *Bradley* cases. As such, Defendants respectfully request that *Bradley et al. v. Kelly et al.* be reassigned to Judge Mary M. Rowland pursuant to Local Rule 40.4.

## ARGUMENT

Northern District of Illinois Local Rule 40.4 allows for a later-filed civil case to be reassigned if it is related to a previously filed civil case where certain conditions are met. Specifically, two cases may be related if one or more of the following is true: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same. LR 40.4(a). Here, as noted above, the allegations set forth in each of the two Complaints at issue are identical. The cases involve the same issues of law and very limited variations in fact. As such, reassignment of the later-filed *Bradley* case is proper and would promote judicial economy.

## I. THE *THOMAS* AND *BRADLEY* CASES ARE RELATED.

In this instance, the *Thomas* and *Bradley* cases were brought by the same lawyers and on behalf of the same two Organizational Plaintiffs. These Organizational Plaintiffs assert standing on an identical basis in each of the two cases, and while it is true that the Individual Plaintiffs named in each case are different, the allegations set forth by the Individual Plaintiffs are functionally identical. As such, resolution of the claims and defenses set forth in either case would require a determination of the legality of the same defendants' actions under the same statutes and/or regulations. *See*, *e.g., Murry v. America's Mortgage Banc, Inc.*, No. 03-c-5811, 2003 WL 407010, at *2 (N.D. Ill. Mar. 1, 2004) (cases are related where resolution "require[s] a determination of the legality of the same defendants' actions under the same statutes and regulations"). There is one difference between the two cases – specifically, one of the Individual Plaintiffs in *Thomas* alleges that he was improperly denied a CCL, while there are no allegations regarding CCLs made in *Bradley* – but it is not fatal to Defendants' assertion that the two cases are related. Local Rule 40.4(a) "does not require exact congruence in facts and issues between two cases in order for them to be related." *Helferich Patent Licensing, LLC v. N.Y. Times Co.*, No. 1:10-cv-4387, 2012 WL 1368193 at *2 (N. D. Ill. Apr. 19, 2012). Rather, the relevant inquiry is whether there exists a substantial overlap between the main issues of fact and law in the two cases, an inquiry which, for the reasons discussed above, can be firmly answered in the affirmative.

## II. ALL CONDITIONS FOR REASSIGNMENT HAVE BEEN MET.

Once a determination has been made that two cases are related, the inquiry then becomes governed by Local Rule 40.4(b). That Rule states that when two cases are related, the later-filed case may be reassigned to the judge assigned to the earlier-filed case if: (1) both cases are pending in this court; (2) the reassignment is likely to "result in a substantial saving of judicial time and

effort"; (3) "the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially"; and, (4) "the cases are susceptible of disposition in a single proceeding." LR 40.4(b).

Here, the first condition is satisfied as both cases are pending in the Northern District of Illinois, Eastern Division. The second condition is also satisfied as reassignment will likely save substantial judicial time and effort. As noted above, both cases require the Court to evaluate the same questions of law under substantially similar sets of facts. Moreover, the legal issues pertaining to the Second Amendment that are raised in both cases are complex and of extreme importance. It is therefore likely that significant judicial attention will be required to resolve these claims; however, it is unnecessary that two judges expend time and energy considering what are essentially identical claims. *See Murry*, 2004 WL 407010, at *2 (noting that substantial judicial time and resources will be saved if one judge rules on dispositive motions). Furthermore, reassignment of the *Bradley* case to this Court will avoid potentially inconsistent rulings. *See Smith v. Check-N-Go of Illinois, Inc.*, 200 F.3d 511, 513 n* (7th Cir. 1999) (criticizing Northern District of Illinois for not consolidating cases with substantial overlap to a single judge). Finally, any discovery in the cases will overlap. As such, "[b]ecause common legal issues must be resolved and discovery is likely to overlap, substantial savings in judicial time and effort will be gained and wasteful duplication will be avoided by having one judge handle both cases." *Pochert v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 11-C-2440, 2011 WL 4007731 at *3 (N.D. Ill. Sep. 9, 2011).

Reassignment of *Bradley* will not cause any delay in *Thomas*; the third condition for reassignment is thus also met. *Thomas* is still at the pleading stage and Defendants recently filed their motion to dismiss on August 24, 2020. [ECF No. 26.] No discovery has been conducted at

this point. Thus, reassignment at this stage would serve to save time, as no duplicative discovery would be conducted. As to the fourth and final condition, the *Bradley* and *Thomas* cases are substantially similar both as to law and facts and thus are susceptible to disposition in a single proceeding given the overlapping legal issues. *See, e.g., Freeman v. Bogusiewiz*, No. 03-C-2908, 2004 WL 1879045 at *2 (N.D. Ill. Aug. 11, 2004) ("The facts and issues in both cases are similar in nature and can be handled more efficiently in one proceeding.").

The fact that each lawsuit has different Individual Plaintiffs does not negate this proposition, as reassignment for relatedness pursuant to Local Rule 40.4 is not synonymous with consolidation under Federal Rule of Civil Procedure 42. *See Peery v. Chicago Housing Authority*, No. 13-cv-5819, 2013 WL 5408860 at *2 (N.D. Ill. Sept. 26, 2013) ("LR 40.4 does not require that the cases can or should be consolidated nor does reassignment necessarily lead to consolidation for all purposes.") (citation omitted); *see also Helferich*, 2012 WL 1368193 at *3 ("[R]eassignment does not even require the [c]ases to be disposed of at the same time; they merely need to be *susceptible* to disposition at the same time."). Rather, the relevant inquiry is whether a central dispositive issue exists which is susceptible to disposition in a single proceeding. "The fact that either case may require other issues, such as evaluating the individual damages of the plaintiffs, to be resolved separately does not negate" the appropriateness of reassignment in cases where the core issues are virtually identical. *Peery*, 2013 WL 5408860 at *2. As discussed above, this is undoubtedly a situation in which the two cases in question possess virtually identical core issues. Consequently, all conditions for reassignment have been satisfied, and the *Bradley* case should be reassigned to this Court.

## CONCLUSION

WHEREFORE, for these reasons, Defendants respectfully request that this Court enter an order finding that the cases are related within the meaning of Local Rule 40.4 and forward that finding to the Executive Committee together with a request that the Committee reassign *Bradley et al. v. Kelly et al.*, No. 0-cv-4270 (N.D. Ill. J. Guzman) to Judge Rowland.

Dated: September 17, 2020

Respectfully Submitted,

KWAME RAOUL
Attorney General of Illinois

*/s/ Amanda L. Kozar*

AMANDA L. KOZAR
Assistant Attorney General
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-6534
AKozar@atg.state.il.us

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 17, 2020, she electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

Respectfully Submitted,

*/s/ Amanda L. Kozar*
AMANDA L. KOZAR