## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RYAN A. THOMAS, GORAN LAZIC, DOVONI R. SINGLETON, MANISH MOTWANI, ILLINOIS STATE RIFLE ASSOCIATION, and SECOND AMENDMENT FOUNDATION, INC. | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 1:20 CV 734 |
| BRENDAN F. KELLY, in both his individual and official capacity as Director of the Illinois State Police, JAROD INGEBRIGTSEN, in his individual and official capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau, and JESSICA TRAME, in her individual capacity as former Bureau Chief of the Illinois State Police Firearms Services Bureau, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>SECOND AMENDED COMPLAINT IN LAW AND EQUITY</u>

COME NOW the Plaintiffs, RYAN A. THOMAS, GORAN LAZIC, DOVONI R.

SINGLETON, MANISH MOTWANI, ILLINOIS STATE RIFLE ASSOCIATION,

and SECOND AMENDMENT FOUNDATION, INC., by and through LAW FIRM

OF DAVID G. SIGALE, P.C. and KNABE & BEDELL, their attorneys, and for their

Second Amended Complaint for legal, declaratory and injunctive relief against the

Defendants, BRENDAN F. KELLY, in both his individual and official capacity as

Director of the Illinois State Police, JAROD INGEBRIGTSEN, in his individual and

official capacity as Bureau Chief of the Illinois State Police Firearms Services

Bureau, and JESSICA TRAME, in her individual capacity as former Bureau Chief

of the Illinois State Police Firearms Services Bureau, as prayed for below, state as follows:

## INTRODUCTION

On September 10, 2019, the State of Illinois Commission on Government Forecasting and Accountability reported that, in the past five years, the Illinois State Police ("ISP") has had funds totaling more than $29,500,000.00 swept or transferred away from the State Police Firearms Services Fund, the State Police Operations Assistance Fund, and the State Police Services Fund and into other accounts. The money was to be used for three purposes: administration of the Firearm Owners Identification Card Act (430 ILCS 65/1, *et seq.*) ("FOID Card Act"), background checks for firearm-related services, and concealed carry licensing pursuant to the Firearms Concealed Carry Act (430 ILCS 66/1, *et seq.*) ("FCCA").

Instead, the more than $29,500,000.00 has been subject to interfund transfers which are ostensibly to be repaid but which have not been, or swept into other accounts without an obligation to reimburse the funds at all.

The effect of this has been a systematic slowdown and sometimes halt of processing of applications and appeals of the FOID Card Act. Applicants and appellants spend days on the phone attempting to reach someone at the ISP with no success. In the unlikely event that a person answers, the applicant/appellant is usually told only that their case is under review.

Appellants who quickly had their FOID cards, and likewise their concealed carry licenses ("CCL"), revoked for reasons such as criminal charges or emergency

orders of protection that were dismissed or expunged, or no-longer-applicable residence changes, or other statutory reasons that have been corrected or addressed, quickly find their appeals sucked into a black hole from which escape comes, if at all, with an interminable wait. There is no statutory deadline for the Defendants to respond to a FOID appeal, and it is common for appellants to wait many months, or even years, for a decision that does not come. While the FOID appeal situation has been exacerbated by the State's response to the COVID-19 pandemic, the FOID appeal situation long pre-dates it.

Further, the funds sweep and the breakdown of the FOID appeal system have endangered public safety, as qualified persons are denied their rights and the ability to self-defense and defense of their families with a firearm while languishing in the FOID appeal system, during which time their CCLs are also revoked, while criminals who ignore the FOID Card Act and FCCA requirements altogether carry on unaffected.

The right to keep and bear arms for defense of hearth and home is a fundamental individual right (*See District of Columbia v. Heller*, 554 U.S. 570 (2008), and applies to the Defendants (*See McDonald v. City of Chicago*, 561 U.S. 742 (2010)).  The right to the public carry of firearms is also fundamental, as much so as the possession of firearms inside one's home.  In response to the Seventh Circuit's decision in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), Illinois became the last State in America to allow the public carry of firearms for self-defense purposes.

However, the laws governing the licensing of firearm possession and concealed carry in Illinois have resulted in a system that, for some, result in a permanent denial of that right. This is due to a system that is extremely quick to deny or revoke persons' rights, and extremely slow in acknowledging or restoring them.

Plaintiffs Thomas had been battling this system since 2017. His only "sin" was moving out of the State, and since moving back to Illinois has been trying to vindicate his FOID and CCL rights. Plaintiff Lazic had a FOID and CCL appeal pending since the dismissal and later expungement of a charge in 2017. In both cases, the Defendants' inactivity is inexcusable. Almost immediately after this suit was filed, the Defendants reinstated their FOID rights and issued them FOID cards, but that neither excuses nor negates the Defendants' conduct, and Thomas still does not have his applied-for CCL, despite the statutory deadline for issuance having passed.

Plaintiff Singleton has had a FOID appeal pending since June, 2018, since being denied for a decades-old offense which should no longer be a FOID disqualifier. Despite multiple attempts at contact with the ISP, Singleton has received no response to his appeal.

Plaintiff Motwani has had a FOID appeal pending since February, 2019, since being denied for possessing the wrong kind of immigrant visa, which is no longer the case since Motwani is a lawful permanent resident of the United States.

Despite multiple attempts at contact with the ISP, Motwani has received no response to his appeal.

Plaintiffs are a few such individuals unlawfully aggrieved by the system, but they are far from the only ones, including many members of ISRA and SAF.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and 42 U.S.C. §1983, in that this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs, and usages of the Defendants as they execute, administer and enforce the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

2.     Venue lies in this Court pursuant to 28 U.S.C. §1391, because the events and omissions giving rise to this action are harming Plaintiff in this District.

## PARTIES

<u>Plaintiffs</u>

3.     Ryan A. Thomas ("Thomas") is an individual 47 years of age who resides in the City of Wilmette, County of Cook, in the State of Illinois.  Thomas has two children who he has faithfully supported.  Thomas obtained a B.A. in Business Administration in 1998, is currently obtaining an Executive MBA from the Kellogg School of Business at Northwestern University, and he has been gainfully and continuously employed as a Vice President of Sales in the cash automation services industry, and prior to that owned an IT consulting company.

4.     Prior to November, 2015, Thomas had both a valid FOID card and concealed carry license ("CCL").  In November, 2015, Thomas moved to Texas, and in February, 2016, the Defendants revoked Thomas' FOID pursuant to 430 ILCS 65/8, as well as his CCL, and demanded their return based on Thomas' out-of-state residence.

5.     In November, 2017, to be closer to his children, Thomas moved back to Illinois.  Since then, Thomas had been attempting to regain his FOID and CCL, which by their dates had not even expired.  After many attempts to reach someone at the Illinois State Police by telephone, and complying with the FOID appeal reinstatement process listed on the ISP's website, and even having family members to write letters to the ISP on Thomas' behalf, the ISP never followed up with any correspondence or other communication method.  Thomas' FOID and CCL statuses were listed as "revoked" on the ISP website for years, and the ISP never answered telephone calls.

6.     Finally, Thomas received his FOID card in early February, 2020, less than two weeks after the filing of this lawsuit, though to date he has not received his CCL, despite the statutory deadline having passed.

7.     Thomas would have possessed and carried a loaded and functional concealed handgun at home and in public for self-defense, but refrained for years from doing so because he feared prosecution due to the prohibitions on possessing a firearm for self-defense without a FOID card and carrying a concealed firearm in public for self-defense without a CCL.  Thomas feared not just for himself based on

the current violent crime situation in Chicago, but Thomas also worried for the safety of his children and family members.

8.      Goran Lazic ("Lazic") is an individual 51 years of age who resides in the Village of Vernon Hills, County of Lake, in the State of Illinois.  Lazic is married and has two children.  Lazic obtained an Associate of Applied Science in Dental Hygiene degree in 2004, and since then he has been continuously employed as a dental hygienist.

9.      Prior to June 7, 2017, Lazic had both a valid FOID card and CCL.  In May, 2017, Lazic was arrested for domestic battery/physical contact pursuant to 720 ILCS 5/12-3,2(a)(2), and the Defendants revoked Lazic's FOID card and CCL pursuant to 430 ILCS 65/8.  The charge was dismissed on June 7, 2017 (the same day Lazic's FOID and CCL were revoked), and the arrest was expunged on February 14, 2018.

10.     Since that time, Lazic had been attempting to regain both his FOID card and CCL.  He submitted an administrative appeal to the Defendants in June, 2017, but received no response.  Through counsel, Lazic followed up on his appeal on May 18, 2018, September 14, 2018, and November 28, 2018, but at no time did Lazic receive his FOID card, CCL, or even a response to any of his appeal efforts.

11.     Finally, Lazic received his FOID card in early February, 2020, one week after the filing of this lawsuit. He later received his CCL as well.

12.     Dovoni R. Singleton ("Singleton") is an individual 40 years of age who resides in the City of Chicago, County of Cook, in the State of Illinois. Thomas is

married and has two children. Singleton earned an Associate's Degree in Child Development from Truman College in Chicago, and received a Paraprofessional License from the Illinois State Board of Education, and is gainfully employed as a special education teacher at an alternative high school. He has also worked with foster children and families, as well as emotionally disturbed and developmentally delayed youth.

13.     In May, 2018, Singleton applied for a FOID card and was denied, due to a marijuana offense which is more than twenty years old, for which Singleton completed the required one year of probation, and which is now expungable. Since that denial, Singleton has been attempting to obtain a FOID card with a meritorious appeal. After many attempts to reach someone at the Illinois State Police by telephone, and complying with the FOID appeal process listed on the ISP's website, and even having family, colleagues, and friends to write letters to the ISP on Thomas' behalf, the ISP never followed up with any correspondence or other communication method. Singleton's FOID status is still listed as "denied" on the ISP website, and the ISP still does not answer telephone calls.

14.     Singleton would possess and carry a loaded and functional concealed handgun at home and in public for self-defense, but refrains from doing so because he fears prosecution due to the prohibitions on possessing a firearm for self-defense without a FOID card and carrying a concealed firearm in public for self-defense without a CCL. Singleton has fear not just for himself based on the current violent

crime situation in Chicago, but Singleton also worries for the safety of his children and family members.

15.     Manish Motwani ("Motwani") is an individual 38 years of age who resides in the City of Chicago, County of Cook, in the State of Illinois. Motwani obtained a B.S. in computer engineering from the Illinois Institute of Technology (Illinois Tech) in 2003, a Masters Degree in computer science from Illinois Tech in 2006, and since then he has been continuously employed as a software engineer, currently working for a flash-based storage technology company. Previously, Motwani worked for a Chicago based data storage technology company that revolutionized cloud storage. Motwani holds 170 issued U.S. patents along with 228 filed patent applications, and has achieved the distinguished rank of "Master Inventor" for his work, a title bestowed on fewer than 0.1% of the 400,000 employees in his company worldwide.

16.     In or about September, 2015, Motwani applied for a FOID card, but was denied pursuant to 18 U.S.C. § 922(g)(5) and 430 ILCS 65/8(i-5) because he was present in the United States from India on an H-1B specialized worker visa. In November, 2018, Motwani received a permanent resident "green" card and became a lawful permanent resident of the United States.

17.     In February, 2019, Motwani appealed the earlier FOID denial as a "record challenge" appeal. Since that time, Motwani received no response, much less his FOID card. Motwani attempted to call ISP on multiple occasions to follow up on his pending appeal, but almost never reached a person, and the one time he did, he

was told he would just have to wait for a response. As noted, to date that response has never come.

18.     Motwani would have possessed a loaded and functional firearm at home for self-defense, but refrained from doing so because he feared prosecution due to the prohibitions on possessing a firearm for self-defense without a FOID card. Motwani feared not just for himself, but Motwani also worried for the safety of his family.

19.     ISRA is a non-profit membership organization incorporated under the laws of Illinois with its principal place of business in Chatsworth, Illinois.  ISRA has more than 26,000 members and supporters in Illinois, and many members outside the State of Illinois.  The purposes of ISRA include securing the Constitutional right to privately own and possess firearms within Illinois, through education, outreach, and litigation.  ISRA brings this action on behalf of itself and its members.

20.     ISRA has members who have been denied Illinois FOID cards and concealed carry licenses, and who have unsuccessfully attempted to navigate, communicate with, and avail themselves of the FOID and CCL appeals processes, not because their claims were not meritorious, but simply because the Defendants have engineered and/or allowed the aforementioned processes to provide no relief to applicants.

21.     Members of ISRA who are Illinois residents, and who are and have been wrongfully deprived of their FOID cards and CCLs, would possess and carry loaded and functional concealed handguns at home and in public for self-defense,

10

but refrain from doing so because they fear prosecution due to the prohibitions on possessing a firearm for self-defense without a FOID card and carrying a concealed firearm in public for self-defense without a CCL.

22.     SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes day care home licensees residing in Illinois.  SAF has over 650,000 members and supporters nationwide.  The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right privately to own and possess firearms.  SAF brings this action on behalf of itself and its members.

23.     Members of SAF who are Illinois residents and who are and have been wrongfully deprived of their FOID cards and CCLs, would possess and carry loaded and functional concealed handguns at home and in public for self-defense, but refrain from doing so because they fear prosecution due to the prohibitions on possessing a firearm for self-defense without a FOID card and carrying a concealed firearm in public for self-defense without a CCL.

24.     The individual Plaintiffs are members of both ISRA and SAF.

<u>Defendants</u>

25.     Brendan F. Kelly is the Acting Director of the Illinois State Police ("ISP"). He is the ISP employee directly responsible for the administration of the FOID Card Act and the FCCA, and is an ISP employee directly responsible for the initial, continued, and wrongful revocations of Thomas', Lazic's, Singleton's,

11

Motwani's and the organizational Plaintiffs' affected members, FOID and CCL rights. He is sued in both his individual and official capacity, the latter pursuant to the principles set forth in *Ex Parte Young*, 209 U.S. 123 (1908).

26.     Jarod Ingebrigtsen is the Bureau Chief of the Firearm Services Bureau ("FSB"), a division of the ISP established to administer programs relating firearms delegated to the ISP, such as under the FOID Card Act and the FCCA.  Having the power to make decisions in these programs, the FSB is an administrative agency of the State of Illinois as defined by 735 ILCS 5/3-101.

27.     As Bureau Chief of the FSB, Ingebrigtsen is the ISP employee directly responsible for the administration of the FOID Card Act and the FCCA, and is an ISP employee directly responsible for the continued, and wrongful revocations of Thomas', Singleton's, Motwani's, and the organizational Plaintiffs' affected members, FOID and CCL rights. He is sued in both his individual and official capacity, the latter pursuant to the principles set forth in *Ex Parte Young*, 209 U.S. 123 (1908).

28.     Jessica Trame is the former Bureau Chief of the Firearm Services Bureau ("FSB"), a division of the ISP established to administer programs relating firearms delegated to the ISP, such as under the FOID Card Act and the FCCA. Having the power to make decisions in these programs, the FSB is an administrative agency of the State of Illinois as defined by 735 ILCS 5/3-101.

29.     As the former Bureau Chief of the FSB, Trame was the ISP employee directly responsible for the administration of the FOID Card Act and the FCCA, and

12

was an ISP employee directly responsible for the initial, continued, and wrongful revocations of Thomas', Lazic's, Singleton's, Motwani's, and the organizational Plaintiffs' affected members, FOID and CCL rights. She is sued in her individual capacity.

## FACTS COMMON TO ALL COUNTS

*FOID and Concealed Carry Rights in Illinois*:

30.     The right to keep and bear arms for defense of hearth and home is a fundamental individual right (*See District of Columbia v. Heller*, 554 U.S. 570 (2008), and applies to the Defendants (*See McDonald v. City of Chicago*, 561 U.S. 742 (2010)).

31.     The right to the public carry of firearms is also fundamental, as much so as the possession of firearms inside one's home. In response to the decision of the United States Court of Appeals for the Seventh Circuit in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), finding the Second Amendment to the United States Constitution secured the right to carry a concealed firearm for protection outside the home, Illinois enacted the FCCA, making Illinois the last State in America to allow the public carry of firearms for self-defense purposes.

32.     Possession of a valid FOID card is a prerequisite for an Illinois resident to obtain a CCL.

33.     Thomas and Lazic wished to obtain a FOID card in order to be able to obtain and possess a firearm for self-defense and defense of family, as well as to obtain/renew their CCLs. Singleton and Motwani wish to obtain a FOID card in

order to be able to obtain and possess a firearm for self-defense and defense of family. The organizational Plaintiffs' affected members likewise wish to obtain a FOID card in order to be able to obtain and possess a firearm for self-defense and defense of family. Motwani wishes to go to the firing range for practice and recreation, but cannot do so (even in Indiana) because he has been wrongfully deprived of a FOID card. Lazic also wished to go to the firing range for practice, but could not do so for three years because he wrongfully lacked a FOID card. Thomas is also a hunter and would have gone with friends and family if he were able, which he could not because for three years he wrongfully lacked a FOID card.

34. Thomas, Lazic, Singleton, Motwani, and the organizational Plaintiffs' affected members, meet all qualifications for a FOID card, and there was no lawful reason for the Defendants to deny Thomas' and Lazic's FOID appeals, and to continue to deny Singleton's and Motwani's, and the organizational Plaintiffs' affected members, pending FOID appeals, much less to fail to ever respond to them.

35. Likewise, the only reason Thomas, and certain of the organizational Plaintiffs' affected members, currently have an inability to obtain and/or renew their CCLs was the wrongful deprivation of their FOID cards.

## CONSTITUTIONAL PROVISIONS

36. The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

37.     The Second Amendment "is fully applicable against the States."

*McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

## STATE LAW

38.     430 ILCS 65/2 states, in relevant part:

Sec. 2. Firearm Owner's Identification Card required; exceptions.

(a)     (1) No person may acquire or possess any firearm, stun gun, or taser within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act.

(2) No person may acquire or possess firearm ammunition within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act.

. . .

(c-5) The provisions of paragraphs (1) and (2) of subsection (a) of this Section regarding the possession of firearms and firearm ammunition do not apply to the holder of a valid concealed carry license issued under the Firearm Concealed Carry Act who is in physical possession of the concealed carry license.

39.     430 ILCS 65/3 states in relevant part:

(a) Except as provided in Section 3a, no person may knowingly transfer, or cause to be transferred, any firearm, firearm ammunition, stun gun, or taser to any person within this State unless the transferee with whom he deals displays either: (1) a currently valid Firearm Owner's Identification Card which has previously been issued in his or her name by the Department of State Police under the provisions of this Act; or (2) a currently valid license to carry a concealed firearm which has previously been issued in his or her name by the Department of State Police under the Firearm Concealed Carry Act.

40.     No provision of 430 ILCS 65/3a is relevant to Plaintiffs.

41.     430 ILCS 65/10 states in relevant part:

Appeal to director; hearing; relief from firearm prohibitions.

(a) Whenever an application for a Firearm Owner's Identification Card is denied, whenever the Department fails to act on an application within 30 days of its receipt, or whenever such a Card is revoked or seized as provided for in Section 8 of this Act, the aggrieved party may appeal to the Director of State Police for a hearing upon such denial, revocation or seizure . . . .

42.     430 ILCS 65/14 states in relevant part:

(c) A violation of paragraph (1) of subsection (a) of Section 2 is a Class 3 felony when:

(1)     the person's Firearm Owner's Identification Card is revoked or subject to revocation under Section 8[.]

43.     430 ILCS 66/10 states in relevant part:

(e) An application for a [concealed carry] license submitted to the Department that contains all the information and materials required by this Act, including the requisite fee, shall be deemed completed. Except as otherwise provided in this Act, no later than 90 days after receipt of a completed application, the Department shall issue or deny the applicant a [concealed carry] license.

## COUNT I: VIOLATION OF RIGHT TO KEEP AND BEAR ARMS
## U.S. CONST. AMENDS. II AND XIV, 42 U.S.C. §1983

44.     Plaintiffs incorporate and reallege Paragraphs 1 through 43, inclusive, as if fully restated herein.

45.     Thomas, Lazic, Singleton, Motwani, and the organizational Plaintiffs' affected members, through sheer indifference and/or a refusal to process their FOID

appeals on the part of the Defendants, have been denied their constitutionally guaranteed rights to keep and bear arms for self-defense.

46.     By so burdening Thomas', Lazic's, Singleton's, Motwani's, and the organizational Plaintiffs' affected members' ability to obtain a FOID card under Section 10 of the FOID Card Act, and likewise their ability to obtain and/or renew a CCL pursuant to Sections 10 and 50 of the FCCA, the Defendants have not only unjustifiably denied them their rights but effectively imposed a three-year ban on Thomas' and Lazic's rights to keep and bear arms for self-defense, and have effectively imposed an unending ban on Singleton's, Motwani's and the organizational Plaintiffs' affected members, rights to keep and bear arms for self-defense.

47.     In addition, Thomas' right to carry concealed in public for self-defense has been and continues to be deprived, in violation of 430 ILCS 66/10(e) and the Second and Fourteenth Amendments to the United States Constitution. For three years, Lazic was similarly deprived.

48.     The Defendants, under the color of law, both facially and as-applied, deprived Lazic, and are depriving Thomas, Singleton, Motwani, and the organizational Plaintiffs' affected members, of their right to keep and bear arms, in violation of the Second and Fourteenth Amendments to the United States Constitution.  Thomas, Lazic, Singleton, Motwani, and the organizational Plaintiffs' affected members, were and are thus damaged in violation of 42 U.S.C. §1983. Thomas, Lazic, Singleton, Motwani, and the organizational Plaintiffs' affected

members, are therefore entitled to declaratory and preliminary and permanent injunctive relief against the continued deprivation of their rights.

49.     Thomas, Lazic, Singleton, Motwani, and the organizational Plaintiffs' affected members, are also entitled to monetary damages against Kelly, Ingebrigtsen, and Trame, individually, for the violation of their rights under the Second and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983.

## COUNT II: VIOLATION OF RIGHT TO PROCEDURAL DUE PROCESS
## U.S. CONST. AMEND. XIV, 42 U.S.C. §1983

50.     Plaintiffs repeat, reallege, and incorporate Paragraphs 1 through 49, inclusive, as if fully restated herein.

51.     Thomas, Lazic, Singleton, Motwani, and the organizational Plaintiffs' affected members, through sheer indifference and/or a refusal to process their FOID appeals on the part of the Defendants, have been denied their constitutionally guaranteed rights to keep and bear arms for self-defense.

52.     By so burdening Thomas' and Lazic's ability to obtain a FOID card under Section 10 of the FOID Card Act, and likewise Thomas' and Lazic's ability to obtain and/or renew a CCL pursuant to Sections 10 and 50 of the FCCA, the Defendants not only unjustifiably denied them their rights, but effectively imposed an three-year ban on Thomas' and Lazic's rights to keep and bear arms for self-defense, ending only when Thomas and Lazic filed this lawsuit after years of deprivation at the hands of the Defendants.

53.     By so burdening Singleton's, Motwani's, and the organizational Plaintiffs' affected members' ability to obtain a FOID card under Section 10 of the FOID Card Act, and likewise their ability to obtain and/or renew a CCL pursuant to Sections 10 and 50 of the FCCA, the Defendants have not only unjustifiably denied them their rights but have effectively imposed an unending ban on Singleton's and Motwani's rights to keep and bear arms for self-defense.

54.     Thomas', Lazic's, Singleton's, Motwani's, and the organizational Plaintiffs' affected members' private interest that has been affected and deprived by the Defendants' actions is their fundamental right to armed self-defense in public. They are not persons who were historically prohibited from possessing firearms, and have not done anything since to remove themselves from those categories of persons able to exercise this fundamental right.

55.     The risk of the Defendants' erroneous deprivation of Thomas', Lazic's, Singleton's, Motwani's, and the organizational Plaintiffs' affected members', interest through the FOID appeal process is great, as Thomas, Lazic, Singleton, Motwani, and the organizational Plaintiffs' affected members, have been/were deprived of their fundamental rights with no opportunity to correct or undo the deprivation, and the consequences include Thomas' and/or Lazic's, and/or Singleton's and/or Motwani's, and the organizational Plaintiffs' affected members', sustaining of a severe or fatal injury should they have suffered/suffer a violent attack and been/be unable to properly defend themselves.

56.    The value of additional or substitute procedural safeguards, such as processing FOID appeals in a timely manner, responding to inquiries, and offering hearings when appropriate, is high.

57.    The Defendants do not have an interest in depriving persons of fundamental rights, and of wrongfully preventing qualified persons from being able to defend themselves, at home or in public.

58.    The Defendants, under the color of law, both facially and as-applied, deprived Lazic, and have deprived and are depriving Thomas, Singleton, Motwani, and the organizational Plaintiffs' affected members, of their right to keep and bear arms, in violation of their procedural due process rights under the Fourteenth Amendment to the United States Constitution.  Thomas, Lazic, Singleton, Motwani, and the organizational Plaintiffs' affected members, have been/are thus damaged in violation of 42 U.S.C. §1983.  Thomas, Singleton, Motwani, and the organizational Plaintiffs' affected members, are therefore entitled to declaratory and (except for Lazic) preliminary and permanent injunctive relief against the continued deprivation of their rights.

59.    Thomas, Lazic, Singleton, Motwani, and the organizational Plaintiffs' affected members, are also entitled to nominal monetary damages against Kelly, Ingebrigtsen, and Trame, individually, for the violation of their rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983.

WHEREFORE, Plaintiffs pray this Honorable Court:

a.    find that the Defendants have unjustifiably denied Thomas, Lazic, Singleton, Motwani, and the organizational Plaintiffs' affected members, their Second Amendment right to keep and bear arms for self-defense;

b.    find that the Defendants have unjustifiably denied Thomas, Lazic, Singleton, Motwani, and the organizational Plaintiffs' affected members, their Fourteenth Amendment procedural due process rights;

c.    enter an order granting Thomas, Singleton, Motwani, and the organizational Plaintiffs' affected members, injunctive relief that enjoins the Defendants from further deprivation of Plaintiffs' rights to keep and bear arms and right *via* lack of procedural due process;

c.    enter a mandatory injunction requiring the Defendants to issue FOID cards to Singleton, Motwani, and the organizational Plaintiffs' affected members;

d.    award Thomas, Lazic, Singleton, Motwani, and the organizational Plaintiffs' affected members, nominal monetary damages against Defendants Kelly, Ingebrigtsen, and Trame individually for the deprivations of Plaintiffs' Second and Fourteenth Amendment rights;

e.    award Plaintiffs their attorney's fees and costs, pursuant to 42 U.S.C. §1983; and,

      f.    award Plaintiffs such other and further relief as it deems just.

Dated: October 16, 2020          Respectfully submitted,


                By: /s/ David G. Sigale
                   One of the Attorneys for Plaintiffs


David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com

Gregory A. Bedell (Atty. ID# 6189762)
Knabe & Bedell
33 North Dearborn Street
10th Floor
Chicago, Illinois 60602
312.977.9119
gbedell@kkbchicago.com