IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOVONI R. SINGLETON, MANISH MOTWANI, ILLINOIS STATE RIFLE ASSOCIATION, and SECOND AMENDMENT FOUNDATION, INC.<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS STATE POLICE, BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police, and GREGORY HACKER, in his official capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau,<br><br>Defendants. | No. 1:20 CV 734 |

JOINT STATUS REPORT

The Plaintiffs, Dovoni R. Singleton, Manish Motwani, Illinois State Rifle Association, and Second Amendment Foundation, Inc., and the Defendants, Illinois State Police, Brendan F. Kelly, in his official capacity as Director of the Illinois State Police, and Gregory Hacker, in his official capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau, by and through their respective undersigned counsel, and pursuant to the Court's Order of November 3, 2021 (Dkt. #65), submit this Joint Status Report:

I. Nature of the Case

A. The Plaintiffs are represented by David G. Sigale (lead) and Gregory A. Bedell. The Defendants are represented by Amanda L. Kozar.

B. The basis for federal jurisdiction is 28 U.S.C. §§ 1331, 1343, 2201 and

1

2202, and 42 U.S.C. §1983, in that this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs, and usages of the Defendants as they execute, administer and enforce the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

  C. Plaintiff allege violations of their Second Amendment and Fourteenth Amendment procedural due process rights due to the Defendants' administration of the appeals process of the Firearm Owners Identification ("FOID") Act (430 ILCS 65/10). Plaintiffs filed a Second Amended Complaint on October 16, 2020, and Defendants filed an Amended Answer and Affirmative Defenses on November 3, 2021.

  D. Plaintiffs seek declaratory, injunctive, and compensatory relief. Plaintiffs also are making a 42 U.S.C. § 1988 claim.

  E. The major legal and factual issues anticipated in the case are the administration of the FOID card appeals system by the Defendants and their employees/subordinates, and whether the FOID appeal system, and the administration thereof, violate the Plaintiffs' Second and Fourteenth Amendment rights.

  F. All Defendants have been served.

## II. Discovery and Case Plan

  A. The parties anticipate F.R. Civ. P. 33 Interrogatories, F.R. Civ. P. 34

Document Requests, and depositions.

  B. The parties anticipate: (1) MIDP disclosures to be issued thirty days after the parties are at issue; (2) the first-set of written discovery requests to be issued 30 days after the MIDP disclosures are issued; (3) fact discovery completion on May 31, 2021.

  C. If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports (or summaries for non-retained expert testimony), will be June 30, 2021 for disclosure of Plaintiffs' expert report, August 1, 2021 for the deposing of Plaintiff's expert, August 31, 2021 for disclosure of Defendants' expert report, September 30, 2021 for the deposing of Defendants' expert.

  D. There are no currently-pending motions. Plaintiffs anticipate motions for summary judgment, and to resolve discovery disputes, if any.

  E. The parties agree to service of pleadings and other papers by electronic means under F.R. Civ. P. 5(b)(2)(E).

  F. MIDP Cases Only: The parties will review and comply with the Standing Order Regarding Mandatory Initial Discovery Pilot Project, and come to the initial status conference having reviewed the Standing Order and Checklist.

### III. Trial

  A. Plaintiffs do not demand a jury. Should the case progress to trial, defendants do demand a jury.

  B. The parties anticipate being ready for trial by October 31, 2021.

      C.      The estimated length of trial is 7 days.

### IV. Consent and Settlement Discussions

      A.      The parties do not unanimously consent to proceed before the Magistrate Judge.

      B.      No settlement discussions have occurred.

      C.      The parties do not request a settlement conference at this time.

Dated: November 16, 2021

| Attorneys for Plaintiffs | Attorneys for Defendants |
|---|---|
| Dovoni R. Singleton, Manish Motwani | Illinois State Police, Brendan F. Kelly, |
| Illinois State Rifle Association, and | and Gregory Hacker |
| Second Amendment Foundation, Inc. | |

Respectfully submitted,

/s/ David G. Sigale
David G. Sigale (Atty. ID #6238103)
Law Firm of David G. Sigale, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com

Gregory A. Bedell (Atty. ID# 6189762)
Knabe & Bedell
33 North Dearborn Street
10th Floor
Chicago, Illinois 60602
312.977.9119
gbedell@kkbchicago.com

/s/ Amanda L. Kozar
Amanda L. Kozar (Atty. ID#6324190)
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, IL 60601
(312) 814-6534
AKozar@atg.state.il.us