IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOVONI R. SINGLETON, MANISH MOTWANI, ILLINOIS STATE RIFLE ASSOCIATION, and SECOND AMENDMENT FOUNDATION, INC. <br><br> Plaintiffs, <br><br> v. <br><br> ILLINOIS STATE POLICE, BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police, and GREGORY HACKER, in his official capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau, <br><br> Defendants. | No. 1:20 CV 734 |

<u>JOINT STATUS REPORT</u>

The Plaintiffs, Dovoni R. Singleton, Manish Motwani, Illinois State Rifle Association, and Second Amendment Foundation, Inc., and the Defendants, Illinois State Police, Brendan F. Kelly, in his official capacity as Director of the Illinois State Police, and Gregory Hacker, in his official capacity as Bureau Chief of the Illinois State Police Firearms Services Bureau, by and through their respective undersigned counsel, and submit this Joint Status Report:

Introduction

The parties apologize for the delay in drafting this Joint Status Report, due to miscommunications on both parts following the recent change in counsel. The parties were able to meet and confer regarding the outstanding issues on October 11, 2022.

1

## I. Nature of the Case

    A.    The Plaintiffs are represented by David G. Sigale (lead) and Gregory A. Bedell. The Defendants are (as of recently) represented by Mary A. Johnston.

    B.    The basis for federal jurisdiction is 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and 42 U.S.C. §1983, in that this action seeks to redress the alleged deprivation, under color of the laws, statutes, ordinances, regulations, customs, and usages of the Defendants as they execute, administer and enforce the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

    C.    Plaintiff allege violations of their Second Amendment and Fourteenth Amendment procedural due process rights due to the Defendants' administration of the appeals process of the Firearm Owners Identification ("FOID") Act (430 ILCS 65/10). Plaintiffs filed a Second Amended Complaint on October 16, 2020, and Defendants filed an Amended Answer and Affirmative Defenses on November 3, 2021.

    D.    Plaintiffs seek declaratory, injunctive, and compensatory relief. Plaintiffs also are making a 42 U.S.C. § 1988 claim.

    E.    The major legal and factual issues anticipated in the case are the administration of the FOID card appeals system by the Defendants and their employees/subordinates, and whether the FOID appeal system, and the administration thereof, violate the Plaintiffs' Second and Fourteenth Amendment rights.

    F.    All Defendants have been served.

## II. Discovery and Case Plan

    A.    The parties have propounded F.R. Civ. P. 33 Interrogatories and F.R. Civ. P. 34 Document Requests. The parties anticipate the taking of depositions.

    B.    The parties anticipate fact discovery completion on January 26, 2023. After consultation, the parties agree this is necessary because the new attorney on this case for Defendants has been familiarizing herself with the file while also preparing to serve as first chair in a jury trial beginning on October 20, 2022, and continuing for an unknown period. Defendants' counsel also has multiple briefs related to dispositive motions due on or about November 10, 2022. When added to Plaintiffs' counsels' caseload, and the upcoming holiday season that will occur in the middle of the discovery period when the parties are scheduling depositions, the parties believe the later date is necessary.

    C.    The parties do not anticipate expert discovery, though they reserve the right to timely disclose an expert following fact discovery.

However, if there will be expert discovery, the expert discovery completion date, including dates for the delivery of expert reports (or summaries for non-retained expert testimony), will be February 28, 2023 for disclosure of Plaintiffs' expert report, March 27, 2023 for the deposing of Plaintiff's expert, April 26, 2023 for disclosure of Defendants' expert report, May 26, 2023 for the deposing of Defendants' expert.

    D.    There are no currently-pending motions. Plaintiffs anticipate motions

for summary judgment, and to resolve discovery disputes, if any.

    E.    The parties agree to service of pleadings and other papers by electronic means under F.R. Civ. P. 5(b)(2)(E).

## III. Trial

    A.    Plaintiffs do not demand a jury. Should the case progress to trial, defendants do demand a jury.

    B.    The parties anticipate being ready for trial by June 26, 2023.

    C.    The estimated length of trial is 7 days.

## IV. Consent and Settlement Discussions

    A.    The parties do not unanimously consent to proceed before the Magistrate Judge.

    B.    No settlement discussions have occurred.

    C.    The parties do not request a settlement conference at this time, but will contact the Court immediately should they mutually believe a settlement conference will be productive.

Dated: October 11, 2022

Respectfully submitted,

| Attorneys for Plaintiffs<br>Dovoni R. Singleton, Manish Motwani<br>Illinois State Rifle Association, and<br>Second Amendment Foundation, Inc. | Attorneys for Defendants<br>Illinois State Police, Brendan F. Kelly, and Gregory Hacker |
|---|---|
| /s/ David G. Sigale<br>David G. Sigale (Atty. ID #6238103)<br>Law Firm of David G. Sigale, P.C.<br>430 West Roosevelt Road<br>Wheaton, IL 60187<br>630.452.4547<br>dsigale@sigalelaw.com | /s/ Mary A. Johnston<br>Mary A. Johnston (Atty. ID#6320865)<br>Office of the Illinois Attorney General<br>100 West Randolph Street, 13th Floor<br>Chicago, IL 60601<br>(312) 814-4417<br>mary.johnston@ilag.gov |

4

Gregory A. Bedell (Atty. ID# 6189762)
Knabe & Bedell
33 North Dearborn Street
10th Floor
Chicago, Illinois 60602
312.977.9119
gbedell@kkbchicago.com